# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>   v.<br><br>BRIEFING.COM, INC., and DOW JONES & COMPANY, INC.,<br><br>        Defendants. | NO. |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, Hartford Casualty Insurance Company ("Hartford"), and as its Complaint for Declaratory Judgment against Defendants, Briefing.com, Inc. and Dow Jones & Company, Inc., alleges, states and avers:

## JURISDICTION AND VENUE

1. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

2. Plaintiff, Hartford Casualty Insurance Company is a corporation organized under the laws of the State of Indiana, with its principal place of business in Connecticut.

3. Defendant, Briefing.com, Inc. ("Briefing.com") is a Delaware corporation with its principal place of business in Chicago, Illinois.

4. Defendant, Dow Jones & Company, Inc. ("Dow Jones") is a Delaware corporation with its principal place of business in New York, New York. Dow Jones is named as a potentially interested party by virtue of its status as the Plaintiff in the Underlying Lawsuit.

5. Plaintiff brings this action to obtain a declaratory judgment finding that Hartford has no duty to defend or indemnify Briefing.com in connection with a lawsuit filed in the United States District Court for the Southern District of New York, and encaptioned *Dow Jones & Company, Inc. v. Briefing.com, Inc.*, No. 10-cv-3321-VM ("Underlying Lawsuit"). A true and correct copy of the complaint in the Underlying Lawsuit is attached hereto as **Exhibit A**.

6. Dow Jones seeks in the Underlying Lawsuit actual compensatory damages, disgorgement of profits, statutory damages, costs and attorney's fees, and punitive damages resulting from alleged copyright infringement, violations of the Digital Millennium Copyright Act ("DMCA"), misappropriation of hot news, and breach of contract or tortious interference with a contractual relationship.

7. Dow Jones also seeks declaratory relief and a permanent injunction to enjoin Briefing.com from continuing to infringe its copyrights, to remove or alter its copyright management information, and to commit or induce breaches of contract.

8. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Hartford and Defendants, and (b) the amount in controversy, including the potential costs of both defending and indemnifying Briefing.com in the Underlying Lawsuit, exceeds $75,000.

9. Venue is appropriate under 28 U.S.C. § 1391 because Briefing.com's principal place of business is in the Northern District of Illinois, and many of the acts from which the Underlying Lawsuit originated, *i.e.*, the insurance contracts at issue and the alleged wrongs, occurred in the Northern District of Illinois.

**UNDERLYING LAWSUIT**

10. The complaint in the Underlying Lawsuit ("Underlying Complaint") was filed on April 20, 2010. The Underlying Complaint contains the following allegations:

a.  Dow Jones operates "electronically-delivered proprietary news services that provide paid subscribers with a constantly-updating feed of breaking news and financial and business information" (¶ 6).

b.  Briefing.com operates a commercial website that provides "live market analysis of the U.S. and international equity markets" and is read by millions (¶ 26).

c.  Dow Jones and Briefing.com market and sell their services to the same customer base (¶¶ 30, 43). Furthermore, "Briefing.com advertises its products in many of the same ways and in the same places that Dow Jones advertises the DJN [news] services, including print and television advertisements, at trade shows and in trade publications" (¶ 31).

d.  Briefing.com copies verbatim or near verbatim substantial portions of many of Dow Jones' copyrighted articles from its news service and distributes them to Briefing.com's subscribers and to information vendors (¶ 7). Although Briefing.com is not authorized to distribute Dow Jones' content, Briefing.com has infringed or caused to be infringed Dow Jones' copyrighted articles "hundreds if not thousands of times" (¶¶ 32, 33). Briefing.com infringed 107 of Dow Jones' copyrighted works that were first published between January 29, 2010 and February 12, 2010 (¶ 35).

e.  Briefing.com strips Dow Jones' copyright notice from its articles (¶¶ 7, 34).

f.  Briefing.com redistributes Dow Jones' stand-alone headlines (¶ 7).

g.  Briefing.com's products are less expensive than Dow Jones' news service and hence, divert business from Dow Jones (¶ 43).

11. The "First Claim for Relief" in the Underlying Complaint alleges copyright infringement resulting from Briefing.com's reproduction, transmission, and display (and causing and inducing others to do the same) of substantial portions of Dow Jones' copyrighted works. It is also alleged that Briefing.com's violations have been willful, intentional, and in conscious disregard of Dow Jones' rights in the copyrighted works.

12. The "Second Claim for Relief" in the Underlying Complaint alleges violations of the DMCA resulting from Briefing.com's intentional removal and alteration (and causing and inducing others to do the same) of copyright management information from Dow Jones' news headlines and articles. It is also alleged that Briefing.com's violations have been willful, intentional, and in conscious disregard of Dow Jones' rights in the copyrighted works.

13. The "Third Claim for Relief" in the Underlying Complaint alleges violations for "hot news misappropriation" resulting from Briefing.com's copying and redistribution of Dow Jones' breaking news headlines and articles and free riding on Dow Jones' gathering and reporting of news. It is also alleged that Briefing.com's actions were in bad faith, malicious, willful, wanton, and in disregard of Dow Jones' rights.

14. The "Fourth Claim for Relief" in the Underlying Complaint alleges breach of contract or alternatively, tortious interference with a contractual relationship resulting from Briefing.com's violations of (or intentionally inducing others to violate) the Subscription Agreement to which each subscriber to the Dow Jones news services must agree.

15. Briefing.com filed its answer and counterclaim against Dow Jones. A true and correct copy of the Answer and Counterclaim is attached hereto as **Exhibit B**. Briefing.com therein alleges, in pertinent part, the following:

a. The essence of Briefing.com's business model is "a rich compilation of original commentary, criticism, actionable trading ideas, research and explanations of the day's events and market activities. Briefing.com's content is written by 30 analysts …. Its analysts publish between 600-800 original articles and posts every business day …. Dow Jones … pay[s] for the right to publish Briefing.com content on Dow Jones' *The Wall Street Journal* … and *SmartMoney* websites" (Answer, ¶ 2).

b. Briefing.com works "with other content providers to ensure that each is comfortable with the way quotes are used within the context of Briefing.com's commentary, research, and news analysis" (Answer, ¶ 3).

c. "Briefing.com analyzes the news and explains to its readers why certain news events are important to the financial markets" (Answer, ¶ 27).

d. Briefing.com content is available through Bloomberg, FactSet, and other licensing partners (Answer, ¶ 42).

e. "Briefing.com's rich product is a daily collage of analysis, commentary, criticism, and news reporting. It is a mix of well-respected and lively commentary, market analysis and trading calls. Briefing.com publishes, on average, between 600-800 of its own articles and posts a day." For 12 years, Dow Jones has displayed Briefing.com on Dow Jones' websites (First Affirmative Defense, Fair Use).

   f. Dow Jones' *Barron's* website quotes Briefing.com content, which represents "a substantial portion of Briefing.com's underlying content that go to the heart of Briefing.com's work" (Second Affirmative Defense, Unclean Hands).

## HARTFORD POLICY

16. Hartford issued Policy No. 39 SBA VH4035 DW to Briefing.com for the policy period of September 7, 2009 to September 7, 2010. The Policy has a Liability and Medical Expenses limit of $1 million, a Personal and Advertising Injury limit of $1 million, and a $2 million general aggregate limit. A true and correct copy of the relevant portions of the Policy are attached hereto as **Exhibit C**.

17. The Policy contains the following insuring agreement:

**Insuring Agreement**

  **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of … "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for … "personal and advertising injury" to which this insurance does not apply.

      \* \* \*

  **b.** This insurance applies:

      \* \* \*

   **(2)** To "personal and advertising injury" caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period.

18. The Policy contains the following definitions:

    **1.**    "Advertisement" means the widespread public dissemination of information or images that has the purpose of inducing the sale of goods, products or services through:

        **a.**    **(1)** Radio;
               **(2)** Television;
               **(3)** Billboard;
               **(4)** Magazine;
               **(5)** Newspaper;

        **b.**    The Internet, but only that part of a web site that is about goods, products or services for the purpose of inducing the sale of goods, products or services; or

**c.**    Any other publication that is given widespread public distribution.

\* \* \*

    **2.**    "Advertising idea" means any idea for an "advertisement".

\* \* \*

    **17.**    "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

\* \* \*

        **f.**    Copying, in your "advertisement", a person's or organization's "advertising idea" or style of "advertisement";

        **g.**    Infringement of copyright, slogan, or title of any literary or artistic work, in your "advertisement"; …

19.    The Policy contains the following exclusions:

    **B.**    **EXCLUSIONS**

        **1.**    **Applicable To Business Liability Coverage**

        This insurance does not apply to:

            **a.**    **Expected Or Intended Injury**

> \* \* \*
>
> **(2)** "Personal and advertising injury" arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury".
>
> \* \* \*
>
> **p.** **Personal And Advertising Injury**
>
> **(4)** Arising out of any breach of contract, except an implied contract to use another's "advertising idea" in your "advertisement;
>
> \* \* \*
>
> **7)** Arising out of any violation of any intellectual property rights such as copyright … or other designation of origin or authenticity.
>
> However, this exclusion does not apply to infringement, in your "advertisement", of
>
> **(a)** Copyright;
>
> \* \* \*
>
> **(8)** Arising out of an offense committed by an insured whose business is:
>
> **(a)** Advertising, broadcasting, publishing or telecasting;
>
> \* \* \*
>
> **(c)** An Internet search, access, content or service provider.

20. The Policy has an Umbrella Coverage limit of $3 million per occurrence and a $3 million general aggregate limit.

21. The Policy's Umbrella Liability coverage form (SX 80 02 04 05) contains the following terms, conditions and provisions which provide, in pertinent part:

**INSURING AGREEMENTS**

**A.  Umbrella Liability Insurance**

    **1.**    We will pay those sums that the "insured" becomes legally obligated to pay as "damages" in excess of the "underlying insurance" or of the "self-insured retention" when no "underlying insurance" applies, because of … "personal and advertising injury" to which this insurance applies caused by an "occurrence". …

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **Section II – INVESTIGATION, DEFENSE, SETTLEMENT**.

    \* \* \*

**B.  Exclusions**

    This policy does not apply to:

    \* \* \*

    **4.**    **Personal and Advertising Injury**

    "Personal and advertising injury".

    **EXCEPTION**

    This exclusion does not apply if "underlying insurance" is applicable to "personal and advertising injury" and to claims arising out of that "personal and advertising injury".

22. The Policy contains an "Amendment of Conditions—Illinois" Endorsement, which defines "damages," for purposes of Umbrella Liability coverage, to not include fines, penalties, or "damages for which insurance is prohibited by the law applicable to the construction of this policy."

## **GROUNDS FOR DECLARATORY JUDGMENT**

23. Hartford incorporates by reference paragraphs 1-21 above as if fully stated herein.

24. The Underlying Complaint does not allege "personal and advertising injury," as that term is defined in the Policy.

25. To the extent any "personal and advertising injury" is alleged in the Underlying Lawsuit, Exclusion (p)(7) of the Policy precludes coverage because any such "personal and advertising injury" would arise from the violation or infringement of Dow Jones' copyrights. Further, the subject violations of Dow Jones' copyrights are not alleged to have occurred in Briefing.com's "advertisements."

26. To the extent any "personal and advertising injury" is alleged in the Underlying Lawsuit, Exclusion (p)(8)(a) of the Policy precludes coverage because Briefing.com's business is publishing.

27. To the extent any "personal and advertising injury" is alleged in the Underlying Lawsuit, Exclusion (p)(8)(c) of the Policy precludes coverage because Briefing.com's business is to provide content via the Internet, *i.e.*, by email and on its website.

28. To the extent any "personal and advertising injury" is alleged in the Underlying Lawsuit, Exclusion (p)(4) of the Policy precludes coverage because any such "personal and advertising injury" would arise from a breach of contract, *i.e.*, the Subscription Agreement, which restricts users' ability to redistribute Dow Jones' publications.

29. To the extent any "personal and advertising injury" is alleged in the Underlying Lawsuit, the "expected or intended" exclusion precludes coverage because any such "personal and advertising injury" was committed with the expectation of inflicting "personal and advertising injury." Moreover, there is no coverage for any alleged intentional, in conscious disregard, in bad faith, malicious, willful, or wanton violations of Dow Jones' rights with respect to the subject articles and headlines.

30. To the extent any "personal and advertising injury" is alleged, Exclusion 4 of the Umbrella Policy precludes coverage because the Underlying Complaint does not allege any "personal and advertising injury" covered by underlying insurance.

31. There is no coverage under the Policy or the Umbrella Policy for attorneys' fees, costs, punitive damages, disgorgement of profits, or injunctive relief.

32. Hartford has no duty to defend or indemnify Briefing.com in connection with the Underlying Lawsuit.

33. An actual controversy exists between Hartford, on the one hand, and all Defendants, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

WHEREFORE, Plaintiff, Hartford Casualty Insurance Company respectfully requests this Honorable Court to declare and adjudge the controversy as follows:

A. Declare that Hartford has no duty to defend Briefing.com in the Underlying Lawsuit;

B. Declare that Hartford has no duty to indemnify Briefing.com for any loss or damages arising from Underlying Lawsuit;

C. Grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

Respectfully submitted,

Hartford Fire Insurance Company

By: /s/ Jeffrey A. Goldwater
One of Its Attorneys

Jeffrey A. Goldwater (ARDC #: 6189014)
Jonathan L. Schwartz (ARDC #: 6287338)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois  60661
Telephone:  312.345.1718
Facsimile:  312.345.1778